[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff herein, Charles Revere, has brought this action against the defendant Town of Shelton and the defendants Christopher Woodin and Richard Arsenault alleging that they negligently handcuffed him, causing him to sustain serious injuries to his wrists. During the trial, the plaintiff withdrew his claim against the defendant Arsenault and pursued his claim of negligence against the other two defendants.
Upon completion of the plaintiff's case, the defendants moved to dismiss as to the Town of Shelton that it was not a proper party that its legal status was merely to indemnify any judgment against its employee. In addition, defendant Wooden moved for a judgment of dismissal on the basis that the plaintiff failed to make out a prima facie case. The court reserved judgment on both cases.
On the day in question the plaintiff, who was a victim of epilepsy and subject to grand mal seizures, a condition that he was fully aware of, was operating his vehicle when he suffered such a seizure causing his vehicle to veer across the road coming to rest up against the guardrail facing in the opposite CT Page 10046 direction.
Within minutes thereafter the police arrived on the scene to be followed shortly by paramedics and emergency medical technicians. In attempting to extricate him from the vehicle, he became violent so much so that the paramedics and medical technicians were unable to control him. At the request of one of the medical personnel, Officer Woodin placed his handcuffs on him so that he could be transported to the hospital.
The only allegation of negligence offered at the trial was the act of placing the handcuffs on the plaintiff.
The burden of proof rests upon the plaintiff, a burden which he has failed to sustain. In this instance, the plaintiff has just been in an accident where property damage has occurred. The accident location is in an area where traffic is heavy. The testimony of the paramedics is that he became extremely violent when they were attempting to remove him from his vehicle and transport him to a hospital. It became necessary to handcuff him to immobilize him so he could be transported.
The use of handcuffs under these circumstances is not per se unreasonable and do not constitute unreasonable force. Courts have held that even a failure to loosen handcuffs that are to tight does not constitute excessive force. Soares v. Stateof Conn., 8 F.3d 917 (2nd Dir., [Cir.], 1993); Hanrulav. City of Lakewood, Beverly Hills v. Guevara,911 S.W.2d 901 (Texas App. 1995) the court rejected a claim that the police use of handcuffs constituted negligence. The evidence in the Guevara case was that the officer acted in good faith in applying the handcuffs and that no reasonable officer under the circumstances would find such action to be unreasonable.
The court finds that it was reasonable under the circumstances to place handcuffs upon the plaintiff; that they were properly applied; that the defendant was transported immediately thereafter to the hospital; that the police followed them to the hospital. There is no evidence that at the scene or while being transported the plaintiff stated the handcuffs were too tight.
Judgment may enter for the defendants Christopher Woodin and the Town of Shelton. CT Page 10047
The Court
By ____________________ Curran, J.